David PODLOG, Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 03–2309.

United States Court of Appeals,
Second Circuit.

Jan. 14, 2005.

John Nicholas Iannuzzi, Iannuzzi and Iannuzzi, New York, NY, for Appellant.

Jennifer G. Rodgers, Assistant United States Attorney (Celeste L. Koeleveld, Assistant United States Attorney, David N. Kelley, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee, of counsel.

PRESENT: CABRANES, SACK, Circuit Judges, and KORMAN, District Judge.*

SUMMARY ORDER

Petitioner David Podlog was convicted in 1993 of conspiring to distribute, and to possess with intent to distribute, heroin, in violation of 21 U.S.C. § 846. He was sentenced principally to a term of 324 months. On April 22, 1997, petitioner filed a habeas petition in the District Court, as well as two supplemental motions, one on November 26, 1997, and the second on October 27, 1998, seeking to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. In an order dated April 22, 2003, the District Court denied the writ.

We hold that the District Court properly found that petitioner was not entitled to relief. Petitioner's claims—(1) that the government violated his substantial rights by failing to disclose plea agreements with non-testifying witnesses as well as information obtained from those witnesses, (2) that the government misrepresented the status of a cooperating witness, and (3) that the government knowingly suborned perjury—are without merit.

As the District Court found, the government was not required to disclose the plea agreement of Aron Roizis or the plea agreements of other non-testifying witnesses to petitioner because that evidence was not material. *See Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (holding that a defendant's due process rights are violated when the prosecution suppresses *material* evidence favorable to the defense); *United States v. Bejasa,* 904 F.2d 137, 140 (2d Cir.1990) (recognizing that the evidence is material "only if there is a reasonable

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court of    the Eastern District of New York, sitting by designation.

probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different") (quoting *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)).

Petitioner's further claim that the government misrepresented the status of another cooperating witness, Boris Nayfeld, whom petitioner sought to subpoena to appear at a pre-sentencing hearing, is similarly without merit. This claim is not substantiated in the record. Moreover, this Court has already rejected the contention that the District Court erred in not granting petitioner a sentencing hearing at which Nayfeld could have been called. *See United States v. Podlog,* Nos. 94–1262, 94–1577, 1995 WL 409218, slip op. at 3 (2d Cir. June 8, 1995) (unpublished decision).

Petitioner apparently does not pursue on appeal his claims that the government suborned the perjured testimony of DEA Agent Massimi and petitioner's co-defendant, Alexander Moysif. In any event, we agree with the District Court these claims are meritless; indeed, the allegation that Moysif perjured himself has already been rejected by this Court. *See id.*

\*　　\*　　\*　　\*　　\*　　\*

We have considered all of petitioner's arguments and have found each of them to be without merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.